IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE ARBITRATION OF: | § § § | |
| T.W. LAQUAY MARINE, L.L.C. | § § | CIVIL ACTION NO. |
| *Plaintiff* | § § | |
| vs. | § § | |
| CAJUN MARINE TRANSPORTATION, INC. | § § § | |
| *Defendant* | § | |

**MOTION FOR ORDER AND JUDGEMENT**
**CONFIRMING ARBITRATION AWARD**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, T.W. LaQuay Marine, L.L.C. ("LaQuay") and pursuant to 9 U.S.C. §9, files this, its Motion for Order and Judgment Confirming Arbitration Award against Defendant, Cajun Marine Transportation, Inc. ("Cajun") and respectfully shows unto this Honorable Court as follows:

**I.  JURISDICTION**

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, as this is a civil action involving a maritime contract. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action involves a federal question arising under the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq.

## II.  VENUE

2.      Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district. Venue for this action is also proper in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

## III.  PARTIES

3.      Plaintiff, LaQuay, is a Texas limited liability company with its principal place of business within the  State of Texas.

4.      Defendant, Cajun Marine Transportation, Inc. ("Cajun"), is a Texas  corporation or the assumed name of a Texas corporation authorized to do business and  doing  business  in Texas, and  can  be  served  with  process  through  its  registered agent,  John E. Burt, 841 Texas State Highway 62, Buna, Texas 77612.

## IV.  Background Facts

5.      Plaintiff, LaQuay, is in the business of chartering and operating towing vessels.

7.      Defendant, Cajun purports to be in the  business of owning and operating towing vessels and tank barges.

8.      Prior to April 22, 2013, Daniel J. Battaglia the principle of Defendant approached LaQuay regarding chartering two of LaQuay's towing vessels, the *M/V AMY L. LAQUAY* and the *M/V SYBIL L. LAQUAY*.

9.      On April 22, 2013 LaQuay and the defendant entered into two separate bareboat charter agreements (collectively the "Agreements") for the above referenced vessels. Said Agreements are attached hereto as Exhibits "A" and Exhibit "B." Both Agreements are worded the same and both were signed by Daniel J. Battaglia as the "V.P. Operations/Engineering" of Cajun.

2

10.     Contained within each of the Agreements, under Article 17 of the Agreements, is an arbitration clause calling for the arbitration of any and all differences and disputes of whatever nature arising out of the charter agreements in the City of Houston, Texas pursuant to the Maritime Laws of the United States; The Federal Arbitration Act; and the Rules of the Houston Maritime Arbitrators' Association. The arbitration clauses also call for the appointment of an arbitration panel consisting of three arbitrators, one appointed by each of the parties and a third appointed by the two appointed arbitrators.

11.     Plaintiff duly performed all terms and conditions of said charter parties, contracts or agreements on its part to be performed.

12.   Defendant, however, failed to pay the charter hire, and other sums required under the Charter Agreement, for the *M/V AMY L. LAQUAY* although the same was repeatedly demanded by LaQuay. Similarly, Defendant failed to pay the charter hire, and other sums required under the Charter Agreement for the *M/V SYBIL L. LAQUAY* although the same was repeatedly demanded by LaQuay.

13.     Defendant, additionally failed to pay for repairs to the *M/V AMY L. LAQUAY* which were necessary due to damages to that vessel while under charter to Defendant. Pursuant to the charter agreement those repairs were to the account of Defendant.

14. Due to Defendant's failure to pay the sums required under the Agreements, on or about December 18, 2013, Plaintiff, appointing counsel who, in accordance with the subject arbitration clauses and the Houston Maritime Arbitrators' Association Rules, appointed an arbitrator, and demanded arbitration with Defendant by forwarding Plaintiff's written Demand for Arbitration to Defendant.

15. Defendant responded to the arbitration demand by appointing counsel on January 3, 2014 who, in accordance with the arbitration clauses and the Houston Maritime Arbitrators' Association Rules, appointed an arbitrator. On or about February 4, 2014 the two appointed arbitrators appointed a third arbitrator as required by the subject arbitration clauses and the rules of the Houston Maritime Arbitrators' Association.

16. On February 26, 2014, Defendant's counsel withdrew and Defendants failed to appoint new counsel apparently deciding to represent itself in the Arbitration as allowed under the Rules of the Houston Maritime Arbitrator's Association. At all times during the arbitration proceeding any and all filings in the arbitration, and all correspondence between the Arbitrator Panel and Plaintiff and/or the Arbitration Panel and Defendant and/or the Plaintiff and Defendant were served on Defendant's registered agent, John E. Burt and Defendant's principle, Daniel J. Battaglia.

17. Thereafter and on or about January 23, 2015, an Award was entered in the arbitration proceedings, a copy of which is attached hereto and incorporated herein as Exhibit "C."

18. The Arbitration Panel awarded to Plaintiff, against Defendant, the total sum of **$1,157,131.20** composed of the following:

a)  Charter hire and consideration due for the *M/V AMY L. LAQUAY*: **$447,955.91**

b)  Unreimbursed repairs to the *M/V AMY L. LAQUAY*:  **$38,027.48**

c)  Charter hire and consideration due for the *M/V SYBIL L. LAQUAY*: **$447,955.91**

d)  Interest on the above amounts from August 11,2013 through January 23, 2015: **$162,505.43**

e)  Attorney fees and expenses in the amount of: **$35,925.57**

f)  Arbitrators' fees and expenses:  **$24,761.03**

4

19.   On or about February 2, 2015 the award was forwarded to Defendant for payment, however, Defendant has failed and refused to pay any part of said monies to Plaintiff.

20.   By reason thereof there is due and owing by Defendant to Plaintiff, the sum of **$1,157,131.20** with legal interest thereon beginning January 23, 2015, the date of the Award, until collected.

## V.   CONCLUSION AND PRAYER

**WHEREFORE, PLAINTIFF PRAYS:**

1. That process in due form of law according to the practice of this Honorable Court issue against the Defendant, citing them to appear and answer under oath all and singular the matters aforesaid;

2. That Plaintiff may have judgment for its damages in the amount of **$1,157,131.20** with pre-judgment and post-judgment interest and costs, against the Defendant; and

3. That the Court grant Plaintiff such other and further relief as the Court and justice may deem just and appropriate under the circumstances.

Respectfully Submitted;

**BLAND AND PARTNERS, PLLC**

 _/s/ Susan Noe Wilson_____

**Susan Noe Wilson**
State Bar Number: 15055025
Federal ID: 15092
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Fax: (713) 627-7148
snoewilson@blandpartners.com
**ATTORNEYS FOR PLAINTIFF**
**T.W. LAQUAY MARINE L.L.C.**

5

**OF COUNSEL:**
**BLAND AND PARTNERS, PLLC**
**Thomas O. Deen**
State Bar Number:  05713780
Federal ID: 1738
tdeen@blandpartners.com